UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Jeffrey S. Lipkin (JL2475)
DRINKER BIDDLE & REATH LLP
A Pennsylvania Limited Liability Partnership
500 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 360-1100
Attorneys for Plaintiff
CIT Communications Finance Corporation

---

| | |
|---|---|
| CIT COMMUNICATIONS FINANCE CORPORATION, | Civil Action No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| DECIPHER, INC. and FANTASTIC MEDIA, INC., | |
| Defendants. | |

---

Plaintiff CIT Communications Finance Corporation (f/k/a Newcourt Communications Finance Corporation) (d/b/a Avaya Financial Services) ("CIT"), by and through its attorneys, Drinker Biddle & Reath LLP, by way of Complaint against defendants Decipher, Inc. ("Decipher") and Fantastic Media, Inc. ("Fantastic Media"), alleges as follows:

PARTIES

1. CIT is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1 CIT Drive, Livingston, New Jersey.

2. Decipher is, upon information and belief, a corporation organized and existing under the laws of the Virginia with its principal place of business at 253 Granby Street, Norfolk, Virginia 23510.

3. Fantastic Media is, upon information and belief, a corporation organized and existing under the laws of the Virginia with its principal place of business at 253 Granby Street, Norfolk, Virginia 23510.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is conferred upon this matter by 28 U.S.C. §1332, in that there exists complete diversity of citizenship between the parties, and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

5. Personal jurisdiction is conferred upon this matter through the defendants' entering into, and subsequent breach of, a contract in the State of New Jersey and its consent to personal jurisdiction in this Court in the contract that forms the basis of CIT's claim.

6. Venue properly lies in this district pursuant to 28 U.S.C. §1391(a).

## FIRST COUNT

7. In December 1999, CIT and The Fan Club, Inc. ("The Fan Club") entered into Standard Lease Agreement No. X046920, Schedule 00010 ("Schedule 10"), whereby CIT leased to The Fan Club a Definity telephone system for a lease term of sixty months.

8. In or about July 2001, CIT and Decipher entered into an Assumption Agreement, whereby Decipher assumed all of The Fan Club's obligations to CIT under Schedule 10.

9. In or about October 2001, CIT and Decipher entered into Lease Agreement No. X046920, Schedule 00030 ("Schedule 30"), whereby CIT leased to Decipher additional equipment for the Definity telephone system for a lease term of forty-eight months.

10. In or about October 2001, CIT and Decipher entered into Lease Agreement No. X046920, Schedule 00040 ("Schedule 40"), whereby CIT leased to Decipher additional equipment for the Definity telephone system for a lease term of forty-one months.

11. In or about October 2001, CIT and Decipher entered into Lease Agreement No. X046920, Schedule 00050 ("Schedule 50"), whereby CIT leased to Decipher additional equipment for the Definity telephone system for a lease term of forty-eight months.

12. Decipher has failed to make certain monthly payments due under Schedule 10, Schedule 30, Schedule 40 and Schedule 50 (collectively, the "Lease") and therefore is in Default thereof.

13. Decipher is in Default of the Lease and has thereby breached the Lease.

14. According to the Lease, in the event Decipher fails to make any monthly payment within ten days of the due date, CIT has the right to accelerate the Lease and recover the contractual damages as defined in the Lease.

15. By letter to Decipher, CIT accelerated the Lease and demanded payment of the contractual damages.

16. According to the Lease, in the event Decipher fails to make any monthly payment within ten days of the due date, Decipher agrees to pay CIT all costs and expenses, including legal fees and costs associated with collecting said sums.

17. Due demand has been made upon Decipher for the payment of the aforesaid sums currently due and owing, but no payment has been received.

18. In or about October 2001, CIT, Decipher and Fantastic Media executed a Co-Lessee Amendment to the Lease, pursuant to which Fantastic Media agreed to serve as co-lessee with Decipher under the Lease and be jointly and severally liable and responsible for fulfilling all obligations of Decipher under the Lease.

WHEREFORE, plaintiff CIT Communications Finance Corporation demands judgment against defendants Decipher, Inc. and Fantastic Media, Inc., jointly and severally, in the amount of $122,497.98, the contractual damages as defined in the Lease, plus legal fees, costs of suit and such further relief as the Court deems just and proper.

DRINKER BIDDLE & REATH LLP
Attorneys for Plaintiff
CIT Communications Finance Corporation

By: _____
　　　Jeffrey S. Lipkin

DATED: November 30, 2005

- 4 -

## CERTIFICATION

I, Jeffrey S. Lipkin, hereby certify that this action is not presently the subject of any other action or arbitration proceeding, nor is any such other action or proceeding contemplated. I further certify that I am presently unaware of any other parties who should be joined in this action.

I hereby certify that the foregoing statements made by me are true to the best of my knowledge and information. I am aware that if any of the foregoing statements made by me are willfully false, I may be subject to punishment.

                                              DRINKER BIDDLE & REATH LLP
                                              Attorneys for Plaintiff
                                              CIT Communications Finance Corporation

DATED: November 30, 2005          By: _____
                                              Jeffrey S. Lipkin